UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDY ANN POWELL, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>GREYSTONE CORPORATE REALTY, )<br>)<br>Defendant. ) | Case No. 1:12-cv-01070-WTL-DKL |

**Entry Dismissing Action and
Directing Entry of Final Judgment**

In the Entry of August 15, 2012, the Court dismissed plaintiff Powell's complaint as unintelligible. Powell was given instructions and an opportunity to file an amended complaint. Powell filed a response to that Entry on September 5, 2012. The Court determined that her filing was not an amended complaint and did not comply with the directions given in the August 15, 2012, Entry. In the Entry of September 28, 2012, Powell was given yet another opportunity to file an adequate amended complaint.

Powell filed a response to the September 28, 2012, Entry. The Court liberally construes the plaintiff's filing of October 22, 2012, as alleging that Greystone Properties failed to repair necessary items which rendered her dwelling unsafe and accessible to non-lease holders, in violation of non-specified federal and state housing laws, federal guidelines for receipt of funding, the Fourth Amendment, and copyright intellectual property law. She also makes reference to the Sarbanes-Oxley Act, the doctrine of "clean hands" and 18 U.S.C. § 1519. She attached 22 pages of various legal citations to her October 22, 2012, filing.

The plaintiff has not, after three tries, complied with Rule 8 of the *Federal Rules of Civil Procedure* by providing a "short and plain statement of the claim" showing that she is entitled to

relief. Her filings also do not comply with Rule 10, requiring allegations in numbered paragraphs with each paragraph reciting a single set of circumstances. In addition, the numerous pages of citations and legal authority do not belong in an amended complaint.

Moreover, Powell's allegations fail to state a claim upon which relief can be granted. She has failed to link her allegations with any federal cause of action providing this Court with subject matter jurisdiction. For instance, 18 U.S.C. § 1519 is a criminal statute, for which Powell has no private cause of action. Although a Fourth Amendment claim can be brought in a civil rights action under 42 U.S.C. § 1983, it can only be asserted against a state actor, not a private entity, *i.e.,* landlord. *See Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir. 1998). No allegations state a claim for any copyright violation. Moreover, the Sarbanes-Oxley Act of 2002 is an act "to protect investors by improving the accuracy and reliability of corporate disclosures made pursuant to the securities laws," PL 107-204 (July 30, 2002), and has no bearing on this case.

As the Supreme Court has explained, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss an *in forma pauperis* case at any time if the court determines that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

For the reasons explained above, the filing of October 22, 2012, purporting to be an amended complaint fails to survive the screening required by 28 U.S.C. § 1915(e)(2)(B) and dismissal of the action is mandatory. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

*William T Lawrence*

Date:  06/19/2013

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Judy A. Powell
P. O. Box 40173
930 Lake Nora N. Ct.
Unit E
Indianapolis, IN 46240